NO.
12-04-00349-CR

 

                     IN THE COURT
OF APPEALS 

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                TYLER, TEXAS

BETTY SUE TATE,                                          §     APPEAL FROM THE 420TH

APPELLANT

 

V.                                                                         §     JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                       §     NACOGDOCHES COUNTY, TEXAS

                                                                                                                                                           


                                                     MEMORANDUM
OPINION

Betty
Sue Tate appeals her conviction for theft. 
In two issues, Appellant asserts that the evidence is not legally or
factually sufficient to support her conviction. 
We affirm.

 

Background

Appellant
was charged by indictment with theft.[1]  The indictment alleged that, on or about July
13, 2004, in Nacogdoches County, Texas, Appellant unlawfully appropriated, by
acquiring or otherwise exercising control over, property, to-wit:  beer, of the value less than $1,500.00, from
Gopal Shrestha, the owner thereof, with intent to deprive the owner of the
property.  The indictment included a
jurisdictional paragraph alleging that Appellant had twice been convicted of
theft.[2]
Appellant pleaded “not guilty.” 








At
trial, Sachin Shrestha testified that, on July 13, 2004, he was working alone
at a convenience store owned by his uncle, Gopal Shrestha, in Nacogdoches,
Nacogdoches County, Texas.  At
approximately 4:30 p.m., Sachin was behind the counter, stocking
cigarettes.  He saw Appellant enter the
store and walk straight to the counter. 
According to Sachin, Appellant had a piece of paper in her hand, stated
that she was going to read it to him, and began to read.  Then, Appellant told Sachin that he had to
buy her a beer because she read a poem for him. 
Sachin informed Appellant that he did not have any money and would not
buy her a beer.  At that point, Appellant
turned around, went to the beer counter, grabbed a beer, put the beer inside
her vest, and walked out the store. 
According to Sachin, Appellant took two alcoholic beverages and one
24-ounce can of Busch Light beer, the value of which was approximately five
dollars.  Sachin testified that Appellant
did not pay for the beer, that he did not give her permission to walk out of
the store with the beer, that he did not tell her to take the beer, and that he
did not pay for the beer.  Sachin stated
that all of the beer in the store was owned by his uncle.

Once
Appellant left the store with the beer, Sachin testified that he ran outside,
asked her to stop, and told her that he would buy beer for her if she came back
inside.  At that time, Appellant was
approximately thirty to forty feet outside the building and down the road.  Appellant complied with Sachin’s
request.  When Appellant returned to the
store, she put the beer on the counter and remained there while Sachin waited
on customers.  Meanwhile, Sachin testified
that he pushed the alarm button and called 911.

Officer
Eric Newell, a field training officer with the Nacogdoches Police Department,
testified that, on July 13, 2004 at approximately 4:30 p.m., he was dispatched
to a convenience store in Nacogdoches after two 911 hang-up calls and an
open-emergency line call.  He and two
other police officers found both the store clerk and Appellant present.  The clerk claimed that Appellant shoplifted
from the store.  As evidence, Newell
testified that the clerk placed two alcoholic beverages and a beer on the
counter.  After the clerk recounted what
occurred, Newell arrested Appellant for shoplifting.  Newell admitted that he did not see any
offense take place in his presence nor did he locate any contraband on
Appellant. 

Appellant
testified that she was in the convenience store with Sachin on July 13, 2004,
but stated that Sachin offered her alcohol in exchange for sex. 








At
the conclusion of the trial, the jury found Appellant guilty of theft and
assessed punishment at two years of confinement in a state jail facility.[3]  This appeal followed.

 

Evidentiary Sufficiency

In
her first and second issues on appeal, Appellant argues that the evidence is
legally and factually insufficient to support her conviction.  More specifically, Appellant contends that
there is no independent evidence linking her with the allegedly stolen
property.  Further, Appellant argues that
the store clerk had motivation to lie because he propositioned her for sex in
exchange for the beer.  Thus, Appellant
contends the store clerk’s testimony should be independently corroborated in
the same manner as an accomplice witness’s testimony.  The State disagrees. 

Standard
of Review








“Legal
sufficiency is the constitutional minimum required by the Due Process Clause of
the Fourteenth Amendment to sustain a criminal conviction.”  Escobedo v. State, 6 S.W.3d 1,
6 (Tex. App.–San Antonio 1999, pet. ref’d) (citing Jackson v. Virginia,
443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-88, 61 L. Ed. 2d 560 (1979)).  The standard of review is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; LaCour v. State, 8 S.W.3d
670, 671 (Tex. Crim. App. 2000).  The
evidence is viewed in the light most favorable to the verdict.  Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; LaCour, 8 S.W.3d at 671.  The conviction will be sustained “unless it
is found to be irrational or unsupported by more than a ‘mere modicum’ of the
evidence.”  Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
The jury is the sole judge of the credibility of witnesses and of the
weight to be given their testimony.  Barnes
v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994).  Any reconciliation of conflicts and
contradictions in the evidence is entirely within the jury’s domain.  Losada v. State, 721 S.W.2d
305, 309 (Tex. Crim. App. 1986).  If a
reviewing court finds the evidence legally insufficient to support a
conviction, the result is an acquittal.  Tibbs
v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d
652 (1982).  

When
reviewing the factual sufficiency of the evidence, we review all of the
evidence, but not in the light most favorable to the prosecution.  Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997).  We must
determine whether a neutral review of the evidence, both for and against the
finding, demonstrates that a rational jury could find guilt beyond a reasonable
doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
Evidence is factually insufficient when evidence supporting the verdict,
considered by itself, is too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond-a-reasonable-doubt burden of proof
could not have been met.  Id.
at 484-85. Our evaluation should not substantially intrude upon the jury’s role
as the sole judge of the weight and credibility of witness testimony.  Wesbrook v. State, 29 S.W.3d
103, 112 (Tex. Crim. App. 2000).

Elements
of the Offense

A
person commits the offense of theft if she unlawfully appropriates property
with intent to deprive the owner of property. 
Tex. Pen. Code Ann. §
31.03(a) (Vernon 2003).  Appropriation of
property is unlawful if it is without the owner’s effective consent.  Tex.
Pen. Code Ann. § 31.03(b)(1) (Vernon 2003).  “Appropriate” means to acquire or otherwise
exercise control over property other than real property.  Tex.
Pen. Code Ann. § 31.01(4)(B) (Vernon 2003).  “Deprive” means to withhold property from the
owner permanently or for so extended a period of time that a major portion of
the value or enjoyment of the property is lost to the owner.  Tex.
Pen. Code Ann. § 31.01(2)(A) (Vernon 2003). 

Analysis








At
trial, Sachin testified that Appellant took two alcoholic beverages and a can
of beer from the convenience store owned by his uncle.  Sachin stated that Appellant did not pay for
the property nor did she have his permission to take the property from the
store.  From this testimony, the jury
could have found that Appellant did not have the owner’s effective consent to
acquire or otherwise exercise control over the property and, thus, unlawfully
appropriated the beverages and beer.  See
Tex. Pen. Code Ann. §§
31.01(4)(B), 31.03(a), (b)(1).  According
to Sachin, the value of the beverages and beer was approximately five dollars,
admittedly less than $1,500.00.  See Tex. Pen. Code Ann. § 31.03(a),
(e)(4)(D).  Further, Appellant was
approximately thirty to forty feet outside the building before being stopped by
Sachin.  From this evidence, the jury
could have found that Appellant intended to deprive the owner of his
property.  See Tex. Pen. Code Ann. §§ 31.01(2)(A),
31.03(a).  Therefore, viewing the
evidence in the light most favorable to the jury’s verdict, we conclude that a
rational trier of fact could have found the elements of theft beyond a
reasonable doubt.

Having
determined that the evidence is legally sufficient to support the verdict, we
address factual sufficiency and consider all the evidence adduced at trial in a
neutral light.  See Zuniga,
144 S.W.3d at 484.  In conducting our
review, the evidence in support of the conviction includes Sachin’s testimony
that Appellant took two alcoholic beverages and a beer from the store without
paying for them and without his permission. 
Further, Sachin stated that Appellant walked approximately thirty to
forty feet outside the building before returning at his request.  Contrary evidence is Appellant’s testimony
that Sachin offered her beer in exchange for sex.  The jury may choose to believe some testimony
and disbelieve other testimony.  See Margraves
v. State, 34 S.W.3d 912, 919 
(Tex. Crim. App. 2000).  Here, the
jury determined the credibility of the witnesses and resolved the evidentiary
inconsistencies in the State’s favor, which is its prerogative as fact finder.

Although
Appellant argues that Sachin’s testimony should be corroborated similar to an
accomplice witness’s testimony, we disagree. 
An accomplice witness is someone who has participated with another
before, during, or after the commission of a crime.  Villarreal v. State, 576 S.W.2d
51, 56 (Tex. Crim. App. 1978).  One is
not an accomplice witness who cannot be prosecuted for the offense with which
the accused is charged.  Id.  The store clerk, Sachin, did not participate
in the shoplifting offense with Appellant nor could he be prosecuted for such
offense.  Therefore, Sachin was not an
accomplice witness.  See id.  As such, there is no necessity for
corroborating Sachin’s testimony. 








Consequently,
in making our determination of the evidence, both for and against the verdict,
we cannot say that the evidence supporting the verdict, considered by itself,
is too weak to support the finding of guilt beyond a reasonable doubt.  Nor can we conclude that the contrary
evidence is so strong that the beyond-a-reasonable-doubt burden of proof could
not have been met.  Therefore, we
conclude that the evidence was factually sufficient for the jury to find
Appellant guilty of theft as charged in the indictment. Accordingly,
Appellant’s first and second issues are overruled.

 

Disposition

The
judgment of the trial court is affirmed.

 

 

 

  
 SAM GRIFFITH   

  
Justice

 

 

Opinion
delivered November 16, 2005.

Panel consisted of Worthen, C.J., Griffith, J., and
DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                             (DO
NOT PUBLISH)











[1] Tex. Pen. Code Ann. § 31.03(a) (Vernon 2003).





[2]
An offense under section 31.03(a) is a state jail
felony if the value of the property stolen is less than $1,500.00 and the
defendant has been previously convicted two or more times of any grade of
theft.  Tex.
Pen. Code Ann. § 31.03(e)(4)(D) (Vernon 2003).





[3]
Appellant stipulated that she was the person
listed in two prior theft convictions alleged in the jurisdictional
paragraph.  Because she had previously
been convicted twice of theft, Appellant was punished for a state jail felony.  Tex.
Pen. Code Ann. § 31.03(e)(4)(D) (Vernon 2003).  Punishment for a state jail felony is
confinement in a state jail for any term of not more than two years or less
than 180 days and, in addition, a fine not to exceed $10,000.  Tex.
Pen. Code Ann. § 12.35 (Vernon 2003).